**In re COW VALLEY RANCHES, a partnership, Debtor.**

**C. Maurine CUTLER and the C. Maurine Cutler Trust, William D. Cody and Lorraine Cody, James C. Ferrell and Kaye Ferrell and Frontier Machinery, Inc., Plaintiffs,**

**v.**

**Roderick A. FRASER and Gary D. Heisey, individually, and dba Cow Valley Ranches, a partnership, Debtor.**

Bankruptcy No. 380-01418.

Adv. No. 80-0409.

United States Bankruptcy Court,
D. Idaho.

Feb. 27, 1981.

John Spencer Stewart, David R. Trachtenberg, Kobin & Meyer, Portland, Or., P.

Mark Thompson, Hawley, Troxell, Ennix & Hawley, Boise, Idaho, for plaintiff.

Herbert Anderson, Spears, Lubersky, Campbell & Bledsoe, Portland, Or., for defendants.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

This matter is before me after hearing on defendants' motion to reconsider Memorandum Decision entered herein on January 30, 1981.

After hearing the arguments of counsel and considering briefs of counsel, together with the evidence adduced at the original hearing I conclude that I erred in holding that the failure to make interest or contract payments since the commencement of the plan is cause for vacation of the 362 stay. I adopt pages 1, 2, and 3 to line 7 of the opinion, but withdraw the balance of the opinion. My main reason for doing so is that there was simply inadequate evidence produced at the first hearing to establish that no possible plan or arrangement could be confirmed. Second, it appears that a liquidation plan might be feasible because of the large apparent equity of the debtor in the ranch. To allow the Oregon Court to proceed to a possible strict foreclosure of the contracts of sale herein could result in the loss of that equity to the detriment of unsecured creditors.

Debtor must promptly proceed to seek acceptance of its plan now that the disclosure statement has been approved and must take prompt action to determine the amount of the disputed claim of Cody and Ferrell.

Therefore, I will not at this time vacate the stay, but unless debtor takes action as indicated within the next 60 days, plaintiffs may renew their application for removal of the stay. I am convinced that defendant cannot propose a feasible extension plan until they settle the dispute as to the amount owed to Cody and Ferrell.

Counsel for debtor may prepare an Order in accord with this decision.